OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to Appellate rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we elect to render decision by written opinion. Defendant-appellant Valentine Lopez takes this appeal from a judgment of the Court of Common Pleas of Putnam County.
On October 29, 1996, appellant pled guilty to one count of attempted rape. A hearing was held on February 3, 1999, to determine if appellant should be classified as a sexual predator. The trial court found appellant to be a sexually oriented offender.
Appellant raises the following assignments of error.
 Megan's Law is unconstitutional because it violates the Ohio Constitution, specifically § 1, Clause 1.
 Megan's Law is an unreasonable exercise of police legislative power within the meaning of § 1, Art. I of the Ohio Constitution.
For these two assignments of error, appellant raises two concerns. The first concern is that the community notification requirement of R.C. 2950.11(B) interferes with appellants' right to privacy, his right to own property,[1] and the statute is an unreasonable exercise of the State's police power. The question of whether the community notification requirement violates appellant's constitutional rights is not properly raised in this case because appellant lacks standing to bring this claim. To have standing, appellant "must allege that the challenged action has caused him injury in fact, economic or otherwise." State, ex rel. Dayton Newspapers, Inc. v. Phillips (1976), 46 Ohio St.2d 457,459, 351 N.E.2d 127, 129. The challenged action here is the community notification portion of the sexual predator statute. However, appellant was not adjudicated to be a sexual predator and is not subject to the community notification requirement. Thus, appellant has suffered no injury by the challenged action.
The second concern appellant raises is that the registration requirements are unduly oppressive. Once again appellant's argument does not apply to him. If he had been found to be a sexual predator, he would have been required to register once every 90 days for the rest of his life. However, as a sexually oriented offender, appellant is only required to register with the police once every year for ten years. "[T]he registration and address verification provisions of R.C. Chapter 2950 are de minimis procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950." State v. Cook (1998), 83 Ohio St.3d 404,412, 700 N.E.2d 570, 578. Since the Supreme Court of Ohio has found the broader predator registration procedures to be constitutional and minimally necessary for the purpose intended, the more limited registration procedures that apply to appellant are not oppressive or unreasonable for the governmental purpose they address.
For the reasons stated above, the first and second assignments of error are overruled. The judgment of the Court of Common Pleas of Putnam County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.
[1] The argument for the right to own property is that if the State notifies the neighbors that appellant is a sexual predator, the neighbors may take action to prevent him from staying in the area. We note that this is only a possible result. No evidence was presented that appellant's property rights have been infringed in any way.